234　　SUPREME COURT OF OHIO.

The State, ex rel. Howlett, v. Directors, etc., of Penitentiary.

## THE STATE EX REL. PARLEY L. HOWLETT v. THE DIRECTORS AND WARDEN OF THE OHIO PENITENTIARY.

The directors of the Ohio Penitentiary gave notice that they would receive proposals for the labor of fifty convicts, to be worked at the manufacture of wood type, rules, try-squares, etc., etc., and that bids would be considered for the manufacture of any other articles, or any other kinds of business. With the exception of one person, who bid sixty-one cents for raw, and one dollar for experienced hands, each day, H. made the highest bid for convicts, to work at the coopering business. The directors refused to enter into a contract with H., but closed a contract with D. & Co. for the manufacture of wood types, at a bid less than H's. Held :

That under the notice and statute, the directors were authorized to exercise a discretion in regard to H.'s bid, and to reject it.

APPLICATION for mandamus.

In the act of the general assembly, passed April 26, 1854, " providing for the appointment of officers of the Ohio Penitentiary, fixing their compensation, prescribing their duties, and determining the manner of working convicts," (43 Ohio Laws 60,) it is provided in sec. 13 as follows :

" All contracts for working convicts, shall be given to the highest reputable bidder ; the letting of which the directors shall give at least six weeks notice in two daily or weekly newspapers published in the city of Columbus, two in the city of Cincinnati, and one in the city of Cleveland ; and all contractors shall be required by the directors to give security to the State for the faithful performance of their contracts, in such amounts as the directors in their judgment may think proper and right."

In sec. 14, it is further provided as follows :

" Convicts may be hired in any number, not exceeding fifty in a contract, and for any time not exceeding five years, in such manner as the directors, in their judgment, may think most conducive to the interests of the State."

The directors of the Penitentiary caused the following notice to be published in accordance with the statute :

" CONVICT LABOR FOR HIRE.—Sealed proposals will be received at the office of the Ohio Penitentiary, until the 11th day of July next, at 10 o'clock A. M., for the labor of 50 convicts in this institution, for five years from the first day

The State, ex rel. Howlett, *v.* Directors, etc., of Penitentiary.

of August next. Said convicts to be worked at the manufacture of wood type, rules, try-squares, gauges, axe-handles, frames for buck-saws, etc., etc. Comfortable shops will be furnished, and the discipline in shops maintained at expense of State, but no fuel furnished.

"Bids will be considered for the manufacture of any other articles, or other kinds of business; the bidders to specify particularly the kinds of work at which they desire to employ the convicts, the probable amount of shop-room needed, and the prices for labor. The directors reserving the right to select such bids as will least conflict with the mechanical interests of the State, and best promote the pecuniary and reformatory interests of the institution.

"No bids received for less than 20, nor more than 50 men. Successful bidders required to give satisfactory security. The usual privileges of contractors extended to successful bidders.

> "J. B. BUTTLES, }
> "J. P. BRUCK,  } *Directors.*
> "A. G. DIMMOCK, *Warden.*

"Ohio Penitentiary, May 25, 1854."

Howlett, the relator, was a bidder under this notice. His proposals were as follows:

COLUMBUS, July 11, 1854.

*Messrs. Directors and Warden Ohio Penitentiary:*

I will give sixty-three cents per day each, for twenty-five good, able-bodied convicts, to work at the coopering business for five years.

(Signed)     P. L. HOWLETT.

This bid was higher than any other, except that of one person, which was sixty-one cents for raw, and one dollar for experienced hands, per day.

The relator shows by affidavits that he was a reputable bidder, and able to give security to the State for the faithful performance of any contract the directors might have made with him.

The directors refused to enter into a contract with Howlett, but closed a contract with W. T. & S. D. Day & Co., for the manufacture of wood type, at a bid of sixty cents per day for each convict.

On the 26th of July, 1854, the relator applied to this court for a peremptory mandamus to compel the said directors to let out and assign to him twenty-five convicts, in accordance with the terms of his bid. The court granted an alternative writ, commanding said directors to assign and execute to the relator a contract for the labor and privilege of working the number of convicts specified in his said proposals, and in accordance with

236 SUPREME COURT OF OHIO.

The State, ex rel. Howlett, *v.* Directors, etc., of Penitentiary.

the terms thereof, or show cause, on the first day of the next term of the court, why they refuse so to do.

The directors did refuse so to do, and for causes, set up in their answer the following :

*First.* That the work upon which the relator proposed to employ the labor of the convicts, was coopering, as appears by his proposal. That any work of this nature was, necessarily, to be conducted within the walls of the prison. And that, in the exercise of the discretion conferred upon them by law, the directors determined, for the security of the prison, that the business of coopering should not be conducted within its walls. Wherefore, they lawfully rejected said proposals.

*Second.* The directors were also authorized to let the contracts in such manner as, in their judgment, would be most conducive to the interests of the State, and, in the exercise of their judgment and discretion, they determined to let these contracts so that the labor of the convicts should least conflict with the mechanical interests of the State ; and as the business on which the relator proposed to employ the convicts would directly conflict with a mechanical interest of the State, they determined to and did reject the same.

*Third.* There was no shop within the walls, sufficient for carrying on said business, and for this reason said proposal could not be entertained.

The directors further state, that by law they are entitled to the exercise of their judgment and discretion as to the kind of labor upon which the convicts should be employed, and as to the person with whom the directors should contract for their employment, which this court would not and may not control.

*H. B. Carrington,* for the relator.

*McCook,* Attorney General, for the directors and warden.

The answer of the directors sets up distinctly the defense on which I rely.

It was clearly competent for the directors, in the exercise of their discretion, to exclude any particular trade from the prison.

And they could, accordingly, refuse to let the convicts to any person, no matter how high the sum offered, who proposed to conduct a business within the walls, which they thought endangered the prison.

It is, therefore, not a case for mandamus. They are clothed with the discretion, and cannot be controlled in its exercise. 12 Ohio Rep. 57 ; 12 Johns. Rep. 414.

J. R. Swan, J. The notice of the directors for proposals, invited bids which would be considered for the manufacture of articles other than wood type, etc. Howlett's bid came under that part of the notice in which the directors expressly reserved the right to accept or reject the bids. The bid did not therefore bind them. A peremptory mandamus is refused.